UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTOPHER LEE CONYERS                                           PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:15CV331-RHW

GEORGE COUNTY BOARD OF SUPERVISORS et al            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Lee Conyers, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care for a hernia. Doc. [1]. Plaintiff alleges that he developed a hernia while competing in a fitness competition at the George County Regional Correctional Center. He has named as Defendants Dr. Ronnie White and the George County Board of Supervisors. Plaintiff filed a motion to amend his complaint to name Dr. Ronald Woodall as a defendant, but the Court denied that motion. Doc. [47]. Before the Court are motions for summary judgment filed by Defendant Dr. Ronnie White and Defendant George County Board of Supervisors. Doc. [28] & [37]. Plaintiff also has filed a motion for partial summary judgment. Doc. [35].

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*,

954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The summary judgment evidence demonstrates that Dr. Ronnie White was not deliberately indifferent to Plaintiff's medical condition. Dr. White and other prison medical staff examined Plaintiff on several occasions with respect to his hernia. Doc. [44] at 68-70, 73, 76-77, 90-92, 116, 121, 123, 127, 129. Dr. White advised Plaintiff that he should avoid physical activity. *Id.* at 72. The treatment notes indicated that prison medical staff were monitoring his condition and that Plaintiff should return to the clinic as needed. *Id.* At 77, 90. As further treatment, Plaintiff received a hernia harness. *Id.* at 73, 77. Plaintiff alleges that Dr. White advised Plaintiff that the hernia did not require surgery unless life threatening. Ultimately, Plaintiff was scheduled for surgery for August 3, 2016. *Id.* at 92, 139, 150-52. The medical records demonstrate that Dr. White and prison medical staff examined and treated Plaintiff on a consistent basis. Plaintiff merely disagrees with the type of medical treatment he received. Specifically, he wanted surgery to occur sooner. Plaintiff has failed to demonstrate that the treatment he received rises to the level of deliberate indifference. Accordingly, Dr. Ronnie White's motion for summary judgment should be granted.

Plaintiff also has failed to state a claim against the George County Board of Supervisors. At the screening hearing, Plaintiff testified that he sued George County because he was housed at their facility and that George County should be held somewhat responsible. Doc. [28-2] at 13. It appears that Plaintiff merely alleges that George County should be held liable for inadequate medical care regarding his hernia. As explained above, the summary judgment evidence demonstrates that Plaintiff's medical care was not constitutionally inadequate. Moreover, Plaintiff has failed to articulate any specific facts that would give rise to a constitutional violation against George County. He fails to identify a policy or custom that was the moving force for the

alleged constitutional violation. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Ronnie White's [37] Motion for Summary Judgment is GRANTED and that Defendant George County Board of Supervisor's [28] Motion for Summary Judgment is GRANTED. Plaintiff's [35] Motion for Partial Summary Judgment is DENIED. All of Plaintiff's claims are dismissed with prejudice as to all parties. In light of the later-filed motion for summary judgment, Dr. White's [16] Motion to Dismiss is found to be MOOT.

SO ORDERED, this the 17th day of August, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE